# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAIN RICHARD * | |
| * | |
| Plaintiff, * | Civil Action No.: |
| * | |
| * | District Judge: |
| VERSUS * | |
| * | |
| BRANDSAFWAY, LLC and * | Magistrate Judge: |
| CF INDUSTRIES HOLDINGS, INC. * | |
| * | |
| * | |
| Defendants. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant BrandSafway, LLC (hereinafter "BrandSafway"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of the action entitled *Cain Richard versus BrandSafway, LLC and CF Industries Holdings, Inc.*; Case No. 129,973 on the docket of the 23rd Judicial District Court for Ascension Parish, Louisiana ("23rd JDC"), to this Honorable Court. In support of its Notice of Removal, BrandSafway respectfully represents that:

1.  Cain Richard ("Mr. Richard" or "Plaintiff") commenced the captioned action by filing a Petition for Damages in the 23rd JDC on October 28, 2020 (the "Petition").

    **a.  Citizenship of Parties**

2.  Plaintiff asserts in the Petition that he is a "person of legal age and majority, domiciled in the Parish of St. Martin, State of Louisiana. . ."[1]

---

[1] Plaintiff's Petition, attached hereto as part of the State Court Record, at p. 1 at the introductory ¶.

3. Plaintiff asserts that "CF INDUSTRIES HOLDINGS, INC., (or an affiliate or subsidiary therefore), [is] believed to be a foreign company, registered in the State of Illinois, doing business in Louisiana. . ."[2] BrandSafway avers that CF Industries Holdings, Inc. ("CFIH") is a Delaware corporation having its principal place of business in Illinois and therefore is a citizen of Delaware and Illinois. However, CFIH was incorrectly named because it does not own or operate the facility where the alleged incident occurred. CF Industries Nitrogen, LLC ("CFN") owns and operates that facility. CFN is a Delaware limited liability company. CFN's members are (i) CF USA Holdings, LLC, whose sole member is CF Industries, Inc., a Delaware corporation with its principal place of business in Illinois; and (ii) CHS Inc., a Minnesota cooperative with its principal place of business in Minnesota. Accordingly, CFN is now and was at the time the state court action was commenced, a citizen of Delaware, Illinois, and Minnesota.

4. Plaintiff further asserts that "BRANDSAFWAY, LLC, (or an affiliate or subsidiary thereof), [is] believed to be a foreign company, registered in the State of Delaware, doing business in Louisiana. . ."[3] In fact, BrandSafway LLC is a limited liability company and is a wholly-owned subsidiary of Brand Industrial Projects LLC, which is a wholly-owned subsidiary of Brand Shared Services LLC. Brand Shared Services LLC is in turn a wholly-owned subsidiary of Brand Industrial Services, Inc., a Delaware corporation maintaining a principal place of business in Kennesaw, Georgia. Accordingly, BrandSafway is now and was at the time the state court action commenced, a citizen of both Delaware and Georgia.

---

[2] Id. at ¶ 1b.
[3] Id. at ¶ 1a.

**b.     Injury/Damages Allegations**

5.     Plaintiff asserts that on November 1, 2019, he fell through a scaffold resulting in "severe and disabling injuries including, but not limited to his right leg, hip, and back . . ."[4] Plaintiff also asserts he sustained the following past, present, and future categories of damages: physical pain and suffering; mental pain, anguish and distress; loss of enjoyment of life; lost wages; disability; impairment of earning capacity; medical expenses; and "other elements of damages to be more fully set forth at the trial of this matter."[5] These allegations indicate that the amount in controversy for Plaintiff's claims exceeds $75,000, exclusive of interest and costs. *See e.g. Brandao, et al. v. Wal-Mart Stores, Inc.*, 803 So.2d 1039 (La.App.2nd Cir. 2001); *Bertrand v. Henry*, 815 So.2d 868 (La.App.3rd Cir. 2001); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522 (W.D. La. 2012) (successfully removed action seeking damages for injuries plaintiff allegedly sustained when she tripped and fell while walking to view a cell phone display); *Herbert v. Boesch*, 194 So.3d 798 (La.App.1st Cir. 2016); *Strother v. Continental Casualty Ins. Co.*, 944 So.2d 774 (La.App.3rd Cir. 2006); *Smith v. Goetzman*, 720 So.2d 39 (La.App.1st Cir. 1998).

6.     BrandSafway denies liability for the damages sought herein and does not concede, based upon the information contained in the record and received to date, that any defendant is liable to Plaintiff for his claimed damages.[6] BrandSafway nevertheless respectfully submits that, considering the foregoing facts and circumstances as alleged, and the representations made by Plaintiff in his pleadings, that the amount in controversy for Plaintiff's claims exceeds $75,000, exclusive of interests and costs.

---

[4]    See Plaintiff's Petition, p. 2, ¶12. BrandSafway disputes Plaintiff's assertions.
[5]    Id. at p. 3, ¶13.
[6]    BrandSafway submits that any potential challenges with respect to these issues are not relevant for purposes of establishing the amount in controversy for federal diversity jurisdiction purposes.

7. Further, Plaintiff has not stipulated that his damages are less than $75,000. *See e.g. Broadway v. Wal–Mart Stores, Inc.*, 2000 WL 1560167, *2 (E.D.La.) (citing *Reid v. Delta Gas, Inc.*, 837 F.Supp. 751, 752–53 (M.D.La.1993)) (failure to stipulate that the amount in controversy is below $75,000 constitutes evidence that the amount in controversy is in excess of the requisite amount).

8. La. C.C.P. Art. 893(A)(1) explicitly states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is **required**." La. C.C.P. art. 893(A)(1) (emphasis added); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522, 528–29 (W.D. La. 2012) (finding the jurisdictional amount was present after evaluating plaintiff's allegations, awards for similar injuries, plaintiff's refusal to stipulate the amount of controversy did not exceed $75,000, and plaintiff's failure to include an allegation in the state court petition pursuant to La.Code Civ. P. 893). Failure to include such an allegation creates "strong evidence [in favor] of the jurisdictional amount." *Marullo v. Dollar General Corp.*, 2014 U.S. Dist. LEXIS 98626, *8 (E.D.La. July 21, 2014); *Ware v. Asi Lloyds Ins. Co.*, 2011 U.S. Dist. LEXIS 33115, *1 (E.D.La. March 17, 2011).

   c.  **Service and Timeliness**

9. BrandSafway was served on November 20, 2020 and, as of this filing, the record contains no evidence that CFN has been served. Accordingly, as this Notice of Removal is being filed less than 30 days after service upon BrandSafway, this Notice of Removal is timely. Each defendant has 30 days from service to seek removal to federal jurisdiction under 28 U.S.C. § 1446(b)(2)(B).

10. Additionally, 28 U.S.C. §1446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[7]

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

### a. **Diversity of Citizenship**

12. There is complete diversity of citizenship between Plaintiff, on the one hand, and CFN and BrandSafway on the other. Plaintiff is a Louisiana domiciliary and citizen. CFN (Delaware, Minnesota, and Illinois) and BrandSafway (Delaware and Georgia) are diverse from Plaintiff.

### b. **Amount in Controversy**

13. Further, while Plaintiff does not expressly plead an amount of money damages sought in his Petition, the allegations, along with Plaintiff's failure to stipulate or indicate otherwise, clearly support a finding that the amount in controversy exceeds $75,000. Where the amount of damages is not specifically alleged, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). This burden may be satisfied by the removing defendant by setting forth facts supporting a finding that the jurisdictional amount is satisfied. *See Allen*, 63 F.3d at 1335.

---

[7] CFN consents to this removal, as evidence by the Consent to Removal attached hereto as Exhibit "A."

14. Here, the nature of the alleged incident and Plaintiff's alleged injuries alone are enough to justify a belief that the amount in controversy exceeds $75,000, as BrandSafway's citations to the above case law support. Further, Plaintiff, through counsel, has not asserted that he is seeking less than $75,000 in this litigation.

15. Considering these facts, it is facially apparent that the amount in controversy exceeds $75,000, and BrandSafway has, therefore, satisfied its burden in this regard.

16. Diversity jurisdiction is fixed at the time of removal. *See Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 n.5 (5th Cir. 1990).

## REMOVAL PROCEDURE

17. A copy of this Notice of Removal is being served upon Plaintiff through his counsel of record. A copy of the Notice to the Clerk of Court for the 23rd Judicial District Court for Ascension Parish, State of Louisiana, which has been filed in that Court, is attached hereto.

18. A copy of the state court pleadings is attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

**WHEREFORE**, Defendant BrandSafway hereby provides notice that this action is duly removed.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted,


*/s/ Alex P Tilling*
_____
Alex P Tilling, La. Bar No. 29686
Megan A. Haynes, La. Bar No. 37158
**LEAKE & ANDERSSON LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163
Tel. (504) 585-7500
Fax. (504) 585-7775
Emails:   atilling@leakeandersson.com
              mhaynes@leadeandersson.com


*Attorneys for Defendant BrandSafway LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading has been delivered to all counsel of record on December 18, 2020, by ECF filing, by hand delivery, by telephone facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

*/s/ Alex P Tilling*

Alex P Tilling